IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON ROMSKOG,

                      Plaintiff,

v.                                                            OPINION & ORDER

NANCY A. BERRYHILL,                                     17-cv-709-jdp
Acting Commissioner of Social Security,

                      Defendant.

---

Plaintiff Jason Romskog seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his claims for disability benefits and supplemental security income under the Social Security Act. The administrative law judge found Romskog not disabled. Romskog contends that the ALJ erred in assigning little weight to the opinion of Romskog's treating physician.

The case is scheduled for an oral argument on May 4, 2018, but the court concludes that no oral argument is needed in light of the relatively straightforward nature of the claim. As to the merits of the claim, the ALJ's decision is in many respects careful and thorough. But the court agrees with Romskog that the ALJ did not adequately explain the reason for assigning the treating physician's opinion little weight and will remand the case for further proceedings.

ANALYSIS

Romskog suffers from major joint dysfunction of the right knee, congenital club feet, obesity, sleep apnea, diabetes, hypertension, and a mild learning disability. The ALJ found that

Romskog's major joint dysfunction and obesity are severe impairments. R. 20.[1] The ALJ found that Romskog has the residual functional capacity to perform sedentary work with the following additional restrictions: only occasionally balancing, stooping kneeling, crouching, crawling, or climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; and using a cane to get to and from his workstation. R. 23.

In 2015, Bradley Fowler, a specialist in orthopedic surgery and sports medicine who performed surgery on Romskog's right knee, opined that Romskog could work no more than four hours per day, sitting no more than 120 minutes at a time and standing no more than 60 minutes at a time, and that Romskog would need to elevate his feet, use a cane, and take unscheduled breaks. If this were true, Romskog would be disabled. *See Alesia v. Astrue*, 789 F. Supp. 2d 921, 935 (N.D. Ill. 2011) ("A finding that Claimant cannot sustain full-time work [meaning eight hours per day] would require a conclusion that she is disabled." (citing SSR 96-8p, 1996 WL 374184 (July 2, 1996))). But the ALJ afforded "little weight on the restrictions pertaining to unscheduled breaks and the need to elevate the feet," and instead assigned "great weight" to the opinion of two state agency medical consultants, who opined that Romskog "could sustain a full range of sedentary work." R. 26.

Under the regulations applicable to Romskog's claim, "a treating source's opinion should receive controlling weight if it is well supported by medically acceptable clinical techniques and not inconsistent with other substantial evidence in the record." *Stepp v. Colvin*, 795 F.3d 711, 719 (7th Cir. 2015) (citing 20 C.F.R. § 404.1527(c)(2)).[2] "An ALJ who does

---

[1] Record cites are to the administrative transcript, located at Dkt. 4.

[2] For claims filed after March 27, 2017, treating sources' opinions are not entitled to any specific evidentiary weight. *See* 20 C.F.R. § 404.1520c.

not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010).

Here, the ALJ implicitly declined to afford Dr. Fowler's opinion controlling weight because the ALJ offered two reasons for affording portions of Dr. Fowler's opinion "little weight." First, "treatment notes from the timing of the second opinion make no mention of plain flare-ups, swelling or other symptoms that would support a need for breaks or [to] elevate his legs to sustain a full-time sedentary work." R. 26. This is true, although an opinion need not be corroborated by other physicians to be given weight. *See Herrmann v. Colvin*, 772 F.3d 1110, 1111 (7th Cir. 2014) ("The administrative law judge seems to have thought that a physician's evidence can be disregarded unless he has detailed notes to back it up and other physicians provide identical evidence even if they don't contradict him—in other words no credibility without corroboration. These are insufficient grounds for disbelieving the evidence of a qualified professional."). The ALJ should consider whether the opinion is supported by the record, but this does not mean that the opinion can be dismissed unless it is specifically confirmed.

The ALJ's second reason for discounting portions of Dr. Fowler's 2015 opinion was that "Dr. Fowler provided no reasoning in the opinion to explain why he changed his opinion from his earlier agreement that the claimant could sustain full-time sedentary work." R. 26. Such an internal inconsistency would by a good reason to deny controlling weight. *See Denton v. Astrue*, 596 F.3d 319, 424–25 (7th Cir. 2010). But it's not clear that Dr. Fowler's 2015 opinion was inconsistent with any of his earlier opinions. The ALJ's reference to an "earlier agreement" is confusing: The ALJ states that Dr. Fowler "agreed with the results from the Fit for Duty evaluation done in 2013," which found Romskog capable of medium exertional work, R. 26,

3

but the ALJ does not cite any record in which Dr. Fowler discusses, let alone agrees with, the Fit for Duty evaluation. Perhaps the ALJ meant to refer to Dr. Fowler's September 2013 opinion that Romskog could "walk and stand comfortably after about 4 hours," R. 597, but that doesn't necessarily mean that he could "sustain full-time sedentary work."

To further complicate things, the ALJ did not address the other portions of Dr. Fowler's 2015 opinion, including the important four-hours-a-day limitation. The ALJ adopted the cane limitation in the RFC, so it appears that he assigned weight to some aspects of the opinion. And he acknowledged elsewhere in his decision that Romskog complained "of worsening knee problems" after 2013. R. 25. In sum, the ALJ did not articulate good reasons for denying Dr. Fowler's 2015 opinion controlling weight.

The analysis does not end there. "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion" to determine what weight to afford the opinion. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (quoting *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)); *see* 20 C.F.R. § 404.1527(c). The ALJ must at least "'minimally articulate' his reasoning." *Filus v. Astrue*, 694 F.3d 863, 869 (7th Cir. 2012) (quoting *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)). Here, the ALJ discussed only the consistency and supportability of a portion of Dr. Fowler's 2015 opinion. And as explained above, that discussion was confusing and flawed. It does not appear that the ALJ considered any of the other factors, some of which favor crediting Dr. Fowler's opinion.

So the court will remand the case to allow the ALJ to reconsider what weight to afford Dr. Fowler's 2015 opinion. The court does not mandate that the ALJ give Dr. Fowler's opinion

4

more or less weight; but the ALJ must provide a good reason for not affording the opinion controlling weight and frame his subsequent analysis with the § 1527(c) factors.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Jason Romskog's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered May 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge