IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON ROMSKOG,

                Plaintiff,

v.                                                  ORDER

ANDREW SAUL,                             17-cv-709-jdp
    Commissioner, Social Security Administration,

                Defendant.[1]

---

    Dana Duncan, counsel for plaintiff Jason Romskog, moves under 42 U.S.C. § 406(b) for a fee award of $10,300 for his work in this case. Dkt. 23. In response, Dkt. 28, the commissioner notes that there are records indicating that Romskog received worker's compensation benefits. By statute, a disabled person's combined worker's compensation and Title II benefits cannot total more than 80% of his average pre-disability earnings. *See* 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408. When the combined benefits exceed this cap, the State of Wisconsin is entitled to an offset for the worker's compensation benefits. So Romskog may need to repay some of his worker's compensation benefits to the worker's compensation insurer. The commissioner doesn't have a copy of Romskog's worker's compensation award and cannot predict what if any offset might apply in this case, but he contends that this information is relevant to determining what a reasonable fee is for purposes of § 406(b).

    The court agrees that this information is relevant. Although Duncan asserts in his reply brief that he "discussed with Romskog his worker's compensation payments" and confirmed

---

[1] The court has changed the caption in this case to reflect that Andrew Saul was confirmed as the Commissioner of the Social Security Administration after Romskog filed this lawsuit.

that they were temporary and that any associated offset "would be minimal," Dkt. 32, at 1, he provides no supporting evidence (such as a declaration from Romskog explaining what worker's compensation benefits he received and whether he reported his award of Title II benefits to his worker's compensation insurer, copies of his worker's compensation award documents with relevant correspondence, or some similar proof). The court will deny Duncan's § 406(b) motion without prejudice to him refiling it once he can provide information sufficient to determine any worker's compensation offset

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fee pursuant to § 406(b)(1), Dkt. 23, is DENIED without prejudice.

Entered August 4, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge