IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON ROMSKOG,

                Plaintiff,

v.                                              ORDER

DR. KILILO KIJAKAZI,                       17-cv-709-jdp
    Acting Commissioner of Social Security,

                Defendant.[1]

---

In a previous order, the court denied without prejudice the motion filed by Dana Duncan, counsel for plaintiff Jason Romskog, requesting fees under 42 U.S.C. § 406(b). Dkt. 34. The Commissioner had raised a question about whether Romskog had received a workers' compensation award that was subject to offset from his Social Security benefits. The Commissioner argued that if Romskog's combined workers' compensation and Title II benefits totaled more than 80% of his average pre-disability earnings combined, the workers' compensation insurer was entitled to an offset for the workers' compensation benefits already paid. *See* 42 U.S.C. §424a(a); 20 C.F.R. §404.408. Under such a scenario, Romskog's Social Security benefits would be reduced, which could affect the reasonableness of Attorney Duncan's fee request.

Now Duncan has renewed his motion for fees, again requesting a fee award of $17,000 for his work in this case ($6,700 in EAJA fees already awarded + $10,300 in additional fees). Dkt. 35. Duncan also submitted documents related to Romskog's workers' compensation

---

[1] The court has changed the caption in this case to reflect that Dr. Kilolo Kijakazi was appointed as the Acting Commissioner of the Social Security Administration after Romskog filed this lawsuit.

award, showing that Romskog entered into a compromise agreement with his employer's workers' compensation insurer under Wis. Stat. § 102.16(1) and Wis. Admin. Code § DWD 80.03. Dkt. 37-1. Under the compromise agreement, the insurer paid Romskog a lump-sum amount of $31,731.19, plus $1,649.08 for medical expenses, to settle all of Romskog's potential claims arising out of a January 2012 knee injury. The compromise agreement was accepted by the Department of Workforce Development in April 2014. Dkt. 37-2.

Duncan argues that the lump-sum workers' compensation award that Romskog received pursuant to the compromise agreement is irrelevant to Duncan's § 406(b) fee request because Romskog won't be required to use any of his Social Security benefits to offset his workers' compensation award. Duncan cites to no evidence or legal authority to support his assertion, and the compromise agreement itself does not mention future Social Security benefits.

On the other hand, the Commissioner cites no evidence or legal authority to support the assertion that Romskog will be required to repay an insurer who resolved his workers' compensation claim pursuant to a compromise agreement several years ago. And the court has found no legal authority suggesting that Wisconsin's reverse offset statute permits workers' compensation insurers to seek recoup of settlement payments under circumstances like those in this case. Therefore, the court is not persuaded that Duncan's fee should be reduced based on speculation about Romskog's potential obligation to a workers' compensation insurer.

Duncan's fee request is reasonable. His requested fee represents less than 25% of Romskog's past-due benefits, Dkt. 23-2, so it falls within the amount allowed by statute and the parties' fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002); Dkt. 23-1. The total amount of time that counsel's firm spent on this case for proceedings in this court was 45.9 hours, resulting in a proposed effective rate of $370 an hour. Of the 45.9 hours, 31.9

hours was attorney time, and the remainder was for counsel's legal assistants. Dkt. 35-3. The requested fee is within the bounds of what is reasonable in light of counsel's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases. Therefore, the court will grant counsel's motion. For simplicity, the court will subtract counsel's $6,700 fee under the Equal Access to Justice Act, which would otherwise have to be refunded to Romskog.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 35, is GRANTED. The court APPROVES a representative fee of $10,300.

Entered September 2, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge